IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **JUSTIN LEE, on behalf of himself and** | : | |
| **others similarly situated** | : | |
| 8728 Pine Meadows Drive | : | |
| Odenton, Maryland 21113 | : | |
| | : | |
| and | : | |
| | : | |
| **KANAYO OKEKE, on behalf of himself** | : | |
| **and others similarly situated** | : | |
| 12412 Kingsview Street | : | |
| Bowie, Maryland 20721 | : | CIVIL ACTION |
| | : | |
| and | : | NO. _____ |
| | : | |
| **GARRETT ELLENBERGER, on behalf of** | : | |
| **himself and others similarly situated** | : | |
| 143 Northdale Road | : | **JURY TRIAL DEMANDED** |
| Glen Burnie, Maryland 21060 | : | |
| | : | |
| and | : | |
| | : | |
| **CHRISTOPHER RILEY, on behalf of** | : | |
| **himself and others similarly situated** | : | |
| 2509 Jennings Road | : | |
| Silver Spring, Maryland 20902 | : | |
| | : | |
| and | : | |
| | : | |
| **JORDAN JACKSON, on behalf of himself** | : | |
| **and others similarly situated** | : | |
| 1721 E. Bancroft Lane | : | |
| Crofton, Maryland 21114 | : | |
| | : | |
| and | : | |
| | : | |
| **DUSTIN HAMANN, on behalf of himself** | : | |
| **and others similarly situated** | : | |
| 8000 Pink Lily Court | : | |
| Pasadena, Maryland 21122 | : | |
| | : | |
| and | : | |
| | : | |

**DARRIN JOHNSON, JR., on behalf of**                          :
**himself and others similarly situated**                      :
8240 Brattle Road, Pikesville                                  :
Maryland 21208                                                 :
                                                               :
and                                                            :
                                                               :
**JEFFREY WILLIAMS, on behalf of**                            :
**himself and others similarly situated**                      :
2062 Stanton Row SE                                            :
Washington, DC 20020                                           :
                                                               :
and                                                            :
                                                               :
**EVELIO RODRIGUEZ, on behalf of**                             :
**himself and others similarly situated**                      :
2310 Barkley Place                                             :
District Heights, Maryland 20747                               :
                                                               :
                          *Plaintiffs*,                        :
                                                               :
          v.                                                   :
                                                               :
**SOLAR ENERGY WORLD, LLC**                                    :
5681 Main Street                                               :
Elkridge, Maryland 21075                                       :
                                                               :
          <u>SERVE ON</u>:                                     :
          Gerard Murphy, Resident Agent                        :
          353 Hickory Nut Court                                :
          Pasadena, MD 21122                                   :
                                                               :
and                                                            :
                                                               :
**TOPE LALA**                                                  :
13003 Twelve Trees Court                                       :
Clarksville, MD 21029                                          :
                                                               :
and                                                            :
                                                               :
**GEOFF MIRKIN**                                               :
930 Rockborn Street                                            :
Gaithersburg, MD 20878                                         :
                                                               :
and                                                            :

**ALOYSIUS E. GLEESON**     **:**
13006 Twelve Hills Road     **:**
Clarksville, Maryland 21029    **:**
             **:**
     *Defendants.*   **:**

_____

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiffs Justin Lee ("Plaintiff Lee"), Kanayo Okeke ("Plaintiff Okeke"), Garrett Ellenberger ("Plaintiff Ellenberger"), Christopher Riley ("Plaintiff Riley"), Jordan Jackson ("Plaintiff Jackson"), Dustin Hamann ("Plaintiff Hamann"), Darrin Johnson, Jr. ("Plaintiff Johnson"), Jeffrey Williams ("Plaintiff Williams"), and Evelio Rodriguez ("Plaintiff Rodriguez") (collectively, "Plaintiffs")  bring this lawsuit on behalf of themselves and others similarly situated against Defendant Solar Energy World, LLC ("Solar Energy World"), Tope Lala ("Lala"), Al Gleeson ("Gleeson"), and Geoff Mirkin ("Mirkin") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN. Labor and Employment Art. §§ 3-401, *et seq.*, and the Maryland doctrine of unjust enrichment.  Plaintiffs state the following as their claims against Defendants:

## JURISDICTION AND VENUE

1.   This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

2.   Jurisdiction over Plaintiffs' MWHL and unjust enrichment claims is proper under 28 U.S.C. § 1367 and § 1332.

3.   Venue in this Court is proper under 28 U.S.C. § 1391.

## THE RELEVANT TIME PERIOD

4.      The FLSA and MWHL and unjust enrichment claims permit Plaintiffs and class members to recover unpaid wages and liquidated damages for up to three years prior to the filing of this lawsuit.  Accordingly, the allegations set forth herein concern employment of past and current employees since July 8, 2016.

## PARTIES

5.      Plaintiff Lee is an individual residing in Odenton, Maryland.  Upon information and belief, Plaintiff Lee was employed by Defendants from November 26, 2017 to September 2018.

6.      Plaintiff Okeke is an individual residing in Bowie, Maryland.    Upon information and belief, Plaintiff Okeke was employed by Defendants from February 2018 to June 2018.

7.      Plaintiff Ellenberger is an individual residing in Glen Burnie, Maryland.  Upon information and belief, Plaintiff Ellenberger was employed by Defendants from January 2017 to February 5, 2019.

8.      Plaintiff Riley is an individual residing in Silver Spring, Maryland.   Upon information and belief, Plaintiff Riley was employed by Defendants from April 2018 to October 2018.

9.      Plaintiff Jackson is an individual residing in Crofton, Maryland.    Upon information and belief, Plaintiff Jackson was employed by Defendants from November 27, 2017 to July 2018.

10.      Plaintiff Hamann is an individual residing in Pasadena, Maryland.    Upon information and belief, Plaintiff Hamann was employed by Defendants from March 2017 to May 2017.

11.     Plaintiff Johnson is an individual residing in Pikesville, Maryland.   Upon information and belief, Plaintiff Johnson was employed by Defendants from September 2017 to January 2018.

12.     Plaintiff Williams is an individual residing in Washington, D.C.   Upon information and belief, Plaintiff Williams was employed by Defendants from January 2018 to March 2018.

13.     Plaintiff Rodriguez is an individual residing in District Heights, Maryland.  Upon information and belief, Plaintiff Johnson was employed by Defendants from December 7, 2017 to March 2018.

14.     Each Plaintiff has provided his/her written consent to become a part to this action. True and correct copies of Plaintiffs' consents are attached as Exhibit A.

15.     Defendant Solar Energy World is an entity located at 5681 Main Street, Elkridge, Maryland 21075 ("Headquarters").   Solar Energy World is in the business of installing solar systems in and around Maryland, Washington, D.C., Virginia, Pennsylvania and New Jersey.

16.     Defendant Tope Lala is a resident of Howard County, Maryland.   He is the President and an Owner of Solar Energy World.  He had and has the power to hire and fire employees and make decisions regarding employee classification and compensation, including amount and method of pay.  Defendant Lala closely monitors all operations of Solar Energy World.  Defendant Lala is and/or was Plaintiffs' employer, and the employer of those similarly situated, within the meaning of the FLSA and MWHL.

17.     Defendant Geoff Mirkin is a resident of Montgomery County, Maryland.  He is the Chief Executive Officer and an owner of Solar Energy World.  He had and has the power to hire and fire employees and make decisions regarding employee classification and compensation,

including amount and method of pay.  Defendant Mirkin closely monitors all operations of Solar Energy World.  Defendant Mirkin is and/or was Plaintiffs' employer, and the employer of those similarly situated, within the meaning of the FLSA and MWHL.

18.    Upon information and belief, Defendant Al Gleeson is a resident of Howard County, Maryland, and is a member, owner, and/or officer of Solar Energy World. Upon information and belief, he had and has the power to hire and fire employees and make decisions regarding employee classification and compensation, including amount and method of pay. Defendant Gleeson closely monitors all operations of Solar Energy World.  Defendant Gleeson is and/or was Plaintiffs' employer, and the employer of those similarly situated, within the meaning of the FLSA and MWHL.

19.    At all times pertinent to this action Defendants were joint employers of the Plaintiffs and those similarly situated within the meaning of the FLSA and its regulations, MWHL.

20.    Defendants are engaged in interstate commerce and/or the production of goods for commerce.

21.    Defendants have gross operating revenues in excess of $500,000.00.

22.    Defendants are "employers" covered by the record-keeping, minimum wage payment and overtime mandates of the FLSA and/or MWHL.

23.    Defendants employ hundreds of employees engaged in interstate commerce.

24.    Defendants orchestrated and exercised control over the scheme designed to underpay its employees.

## FACTS COMMON TO ALL

25.     Solar Energy World purports to "offer superior solar design and installation service."  Defendant Solar Energy World further advertises that it "is the fastest growing, locally-owned and operated solar company in the Maryland/DC metro area."

26.     Plaintiff and others similarly situated are non-exempt employees for purposes of receiving payment for working in excess of 40 hours per week ("Overtime").

27.     Solar Installers and Company Electricians (collectively, "Installers") constitute a team that installs solar panels purchased from Defendants.  The Installers install the purchased panels at the purchaser's requested location.

28.     Defendants employ or have employed over one hundred (100), and possibly as many as five hundred (500), Installers within the past three (3) years.

29.     Defendants initially hired Installers at an hourly rate.  After a brief one to two-week training period, Defendants, at their discretion, convert the Installer's payment to paying per panel installed ("Panel Pay").  This change in the method of pay does not exempt Defendants from the mandates of the FLSA and/or MWHL.  Often, Defendants pay Installers the lesser of the hourly pay rate and Panel Pay rate.

30.     Every workday, Installers are required to report to headquarters at 6:00 A.M. Once at the Headquarters, Installers are given their jobs for the day, load their vehicles provided by Defendants with the necessary supplies, and drive to the installation site. Typically, these locations are at least one (1) hour away. Some job sites could be completed within a day and others required multiple days to complete.

31.     On average, Installers often stopped working at their respective installation sites for the day at or around 4 P.M.  The workday, as contemplated by Defendants, began at 6:00

A.M. and ended at 4:00 P.M. ("Workday"). Thus, the Workday was typically ten (10) hours. At a minimum, five (5) Workdays would constitute fifty (50) hours a week. However, Installers would frequently work until the job was completed, which meant the Installers would not stop work until 6:00 P.M. or 7:00 P.M., causing them to work twelve (12) or thirteen (13) hour days.

32.     Further, the Workday did not include the Installers' drive time to return the vehicles to Headquarters as mandated by Defendants. The Installers' travel time from the last installation site of the day back to Headquarters could be thirty (30) minutes or could be two (2) hours. Thus, at a minimum, an additional ten (10) hours a week were spent driving ("Drive Time").

33.     Finally, Defendants often required Installers to work on the weekends ("Weekend Time").

34.     Between five Workdays, Drive Time and Weekend Time (collectively, the "Work Week"), Plaintiffs and others similarly situated were often subjected to working seventy (70) hours, or more, each week.

35.     Despite this Work Week being in excess of forty (40) hours, Installers did not receive Overtime payments. When the Installers inquired about overtime, they were told "we don't pay overtime," and/or suffered much harder installations for a period of time chosen by Defendants.

36.     Installers were given direct orders not to include their return trip from an installation site to headquarters in their daily time sheets in direct violation of the law. When the Installers inquired as to compensation for drive time, they were told by Defendants that Installers were not compensated for the return trip from an installation site to Headquarters despite being required to do so.

37.     Furthermore, when Installers inquired about the punctuality of their pay, or the method of pay, they were given an excuse, and/or suffered retaliation in the way of much harder installations for a period of time chosen by Defendants.

38.     Upon information and belief, Defendants pay employees (installers and electricians) working out of Solar Energy World's New Jersey office overtime but refuse to pay overtime to the Installers working out of Solar Energy World's Maryland headquarters.

39.     It is evident that Defendants knowingly and willfully refused, and continue to refuse, to pay overtime wages and drive time.  Additionally, Defendants knowingly and willfully paid Installers the lesser of the hourly rate of pay and panel pay, without advanced notice.

40.     If a customer conveyed any concerns (valid or not) regarding the installation or panels, Defendants required Installers to return to that customer's location/installation site and attempt to satisfy the customer of his/her complaints, and/or fix the installation and/or panels, without compensating the Installers for that time.

41.     Installers do not perform work that would qualify them as "exempt" employees.

42.     Installers were engaged in commerce or in an occupation directing related to producing, working on, manufacturing, handling, or transporting goods in commerce.

43.     Upon information and belief, Defendants have employed more than one hundred (100) other Installers during relevant time period who were not paid overtime as mandated by applicable law. Defendants have failed to compensate these individuals for this time, and when warranted, Defendants have failed to compensate these individuals at the legally mandated overtime premium for hours worked over forty (40) in a Work Week.

44.     In failing to properly compensate Plaintiffs and others similarly situated for all hours spent working, Defendants have acted willfully and with reckless disregard of clearly

applicable FLSA and MWHL provisions.  Defendants refused to pay overtime or drive time even when directly confronted by Installers and Electricians.  Instead Defendants intimidated and retaliated as a means to silence the Installers regarding Overtime Pay, Drive Time and other concerns regarding Defendants' methods of pay.

45.     Defendants have also improperly retained money that they should have paid as regular and overtime wages to Plaintiffs and similarly situated individuals.  Defendants' retention of this money has created an inequitable windfall for Defendants through, *inter alia*, reduced labor costs and enhanced profit margins.  This violates the Maryland doctrine of unjust enrichment.

## FACTS SPECIFIC TO PLAINTIFF LEE

46.     Throughout his employment, Plaintiff Lee was not an exempt employee under the applicable law.

47.     Plaintiff Lee began his employment with Defendants as an Installer in or around November 2017.  Plaintiff Lee's employment with Defendants ended in or around September 2018.

48.     Throughout his employment, Defendants informed Plaintiff Lee the work week was only forty (40) hours a week, and it did not include the additional hours for driving, returning to customers or the other mandates described herein.

49.     Plaintiff Lee estimates that through the methods described in paragraphs 25-45, *supra*, he worked an average of twenty (20) to thirty (30) hours a week more than what he was compensated for by Defendants.

50.     These additional hours, under the applicable law, are considered overtime.  Thus, Defendants are required to pay an overtime rate of at least one-and-one-half (1.5) times his regular hourly rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All individuals employed as solar panel installers or solar panel electricians who were employed by Solar Energy World since July 8, 2016.

52.     Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

53.     Plaintiffs and the above class members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all proposed class members worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not actually paid for all time in which they performed work for Defendants. Resolution of this action requires inquiry into many common facts, including Defendants' common compensation, timekeeping, and payroll practices.

## CLASS ALLEGATIONS

54.     Plaintiffs bring these MWHL and unjust enrichment claims pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All individuals employed as solar panel installers or solar panel electricians who were employed by Solar Energy World since July 8, 2016.

55.     Upon information and belief, Defendants have employed in excess of one hundred (100) other individuals and, as such, is so numerous that joinder of all class members is impracticable.

56.     Plaintiffs are class members, and their legal claim is typical of the claims of other class members.  Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members.

57.     Plaintiffs will fairly and adequately represent the class and their interests, and they have retained competent and experienced counsel who will effectively represent the interests of the entire class.

58.     Questions of law and fact are common to the class and include whether Defendants' required Work Week violates the MWHL and unjustly enriched Defendants.

59.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages suffered by individual class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because, *inter alia*, it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendants' business practices.

60.     Members of the proposed class are readily ascertainable.  The identity of class members may be determined by Defendants' records, which Defendants are required to maintain.

61.     This action satisfies the numerosity, typicality, adequacy, predominance and/or superiority requirements under applicable law.

62.     *Numerosity*.  Defendants employ over fifty (50) Installers and Electricians at any given time throughout Maryland, D.C., New Jersey and Pennsylvania.   Turnover among Installers is high as Defendants are illegally demanding on their employees.   Effectively, this turnover means Defendants have employed hundreds of Installers within the Relevant Time Frame.   As a result, the class is so numerous that joining of all members in a single action is impracticable.   The disposition of these claims will provide substantial benefit to the class.

63.     *Commonality/Predominance*. There is a well-defined community of interest and common questions of law and fact, which predominate over any questions affecting only individual members of the class.   Plaintiffs' wage claims are about Defendants' decision to not pay Installers what they earned.   Common legal and factual questions, which do not vary among members of the class, and which may be determined without reference to the individual circumstances of class members, include, but are not limited to:

>   a.   Whether Defendants are required to pay Plaintiffs and members of the class to travel from Headquarters to the locations where they were required to install solar panels and back to Headquarters prior to traveling home for the day?
>
>   b.   Whether Defendants unlawfully denied Plaintiffs and members of the class overtime payment for their work each week?
>
>   c.   Whether Defendants unlawfully denied Plaintiffs and members of the class all earned wages in violation of MWHL?
>
>   d.   Whether Defendants' policies and practices of failing to pay all compensation earned to Plaintiffs and class members violated Maryland common law?

64.     *Typicality*. The representative Plaintiffs' claims are typical of the claims of the class.   Plaintiffs Lee, Okeke, Ellenberger, Riley, Jackson, Hamann, Johnson, Williams, and

Rodriguez each worked as an Installer and/or Electrician and were required to report to Headquarters both before and after working at the locations where they were required to install solar panels.  They were injured by Defendants' failure to pay wages in violation of the MWHL in a manner typical of the class.  The only difference among class members will be the amount of damages sustained by the members of the class, which does not affect liability and does not bar certification.

65.     *Adequacy of Representation.* Plaintiffs will fairly and adequately protect and pursue the interests of the members of the class.  Plaintiffs understand the nature of the claims herein, and their role in these proceedings.  They will vigorously represent the interest of the class.   Plaintiffs have retained class counsel who are experienced and qualified in employment and complex cases.  Neither Plaintiffs nor their attorneys have interests which are contrary to or conflict with those of the class.

66.     *Superiority/Manageability*.   A class action is superior to all other available methods for the fair and efficient adjudication of this action.  As alleged, Defendants employ or employed hundreds of workers and subjected them to common policies and practices that violate state and federal wage laws, as well as state common law.  Individual litigation of the claims of class members is economically unfeasible and procedurally impracticable.   The individual damages incurred by each member of any class resulting from Defendants' common and systemic wrongful conduct will likely be too small to warrant the expense of individual suits.  Further, the Court would be unduly burdened by individual litigation of cases raising the same common questions.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the Court resulting from multiple trials of the same factual and legal issues.

## COUNT I
### (Alleging Violations of the FLSA)

67.  All previous paragraphs are incorporated as though fully set forth herein.

68.  Plaintiffs and class members are employees entitled to the FLSA's protections.

69.  Defendants are employers covered by the FLSA.

70.  The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

71.  The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 U.S.C. § 207(a)(1).

72.  Defendants violated the FLSA by failing to compensate Plaintiffs and class members for all hours worked and by failing to pay Plaintiffs and class members the legally mandated overtime premium.

73.  In violating the FLSA, Defendants acted willfully, knowingly, and with a reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the MWHL)

74.  All previous paragraphs are incorporated as though fully set forth herein.

75.  The MWHL requires that covered employees receive "overtime wage of at least 1.5 times the usual hourly wage" for hours worked over 40 in a single week." *See* MD. CODE ANN. Labor and Employment Art. § 3-415(a).

76.  Plaintiffs and other class members are covered employees entitled to the MWHL's protections.

77.     Defendants are employers as that term is defined by the MWHL and are covered by the MWHL.

78.     Defendants violated the MWHL by failing to compensate Plaintiffs and class members for all hours worked and by failing to pay Plaintiffs and class members the legally mandated overtime premium.

79.     In violating the MWHL, Defendants acted willfully and with reckless disregard of clearly applicable MWHL provisions.

**COUNT III**
**(Unjust Enrichment)**

80.     All previous paragraphs are incorporated as though fully set forth herein.

81.     Throughout the relevant period, Plaintiffs and class members routinely were required to perform day-to-day work activities that they were not compensated for at either their regular hourly rate, or an overtime premium rate for hours worked over forty (40) in a workweek.

82.     As a result, Plaintiffs and the class members were routinely denied wages owed.

83.     Defendants received a direct and substantial benefit from the work Plaintiffs and the class members performed on behalf of Defendants under circumstances that do not support Defendants' entitlement to those funds.

84.     Permitting Defendants to retain the direct and substantial benefit it received from Plaintiffs and the class members under these circumstances would be inequitable because: Defendants were not entitled to the funds at issue; the retained funds represent a substantial windfall to Defendants; Defendants' practices caused Plaintiffs and the class members to suffer more than a *de minimis* injury; and Defendants were able to retain the funds at issue only because of their control over Plaintiffs' and the class members' wages.

16

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Grant judgment against Defendants, jointly and severally, and in favor of each plaintiff (including all opt-in plaintiffs) in the amount of each plaintiff's respective unpaid overtime wages, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b);

C.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential class members;

D.     An order certifying the proposed class pursuant to Fed. R. Civ. P. 23;

E.     Grant judgment against Defendants, jointly and severally, in favor of Plaintiffs (including all class members) for all unpaid overtime wages found due plus and equal amount of in liquidated damages pursuant to the MWHL, Md. Code Ann., Lab & Empl. §§ 3-427(a) and (d);

F.     An injunction prohibiting Defendants from engaging in future violations of the FLSA and MWHL;

G.     An injunction requiring Defendants, jointly and severally, to pay back pay damages to the fullest extent permitted under the law to Plaintiffs and class members;

H.     Liquidated damages and penalties to the fullest extent permitted under the law;

I.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

J.     Such other and further relief as this Court deems just and proper.

Dated: July 8, 2019                              Respectfully submitted,


                                      _____*/s/ Sean P. Hatley*_____
                                      Paul J. Weber (Bar No. 03570)
                                      Sean P. Hatley (Bar No. 20139)
                                      Adam G. Smith (Bar No. 19241)
                                      HYATT & WEBER, P.A.
                                      200 Westgate Circle, Suite 500
                                      Annapolis, Maryland 21401
                                      Phone:        (410) 266-0626
                                      Facsimile:    (410) 841-5065
                                      Email:        pweber@hwlaw.com
                                      Email:        adamsmith@hwlaw.com
                                      Email:        sphatley@hwlaw.com

                                      *Co-Counsel for Plaintiffs*



                                      _____*/s/ Jeffrey B. Bowman*_____
                                      Jeffrey P. Bowman, Bar Number: 28940
                                      Paul H. Farmer, Jr., Bar Number: 19505
                                      jbowman@gjblawfirm.com
                                      pfarmer@gjblawfirm.com
                                      GORMLEY JARASHOW BOWMAN, LLC
                                      162 West St.
                                      Annapolis, MD 21401
                                      Tel: 410-268-2255

                                      *Co-Counsel for Plaintiffs*

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial as to all claims so triable.