IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JUSTIN LEE, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-19-1993 |
| SOLAR ENERGY WORLD, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs, a group of fourteen solar panel installers and electricians,[1] bring this action against their current or former employers, Defendants Solar Energy World, LLC ("Solar Energy World"), Tope Lala ("Lala"), Al Gleeson ("Gleeson"), and Geoff Mirkin ("Mirkin") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501. *et seq.*

Presently pending[2] is Defendants Lala, Gleeson, and Mirkin's Partial Motion to Dismiss Counts I and II of Plaintiffs' Amended Class/Collective Action Complaint pursuant

---

[1] The Amended Complaint is brought by the following Plaintiffs: Justin Lee ("Lee"), Kanayo Okeke ("Okeke"), Garrett Ellenberger ("Ellenberger"), Christopher Riley ("Riley"), Jordan Jackson ("Jackson"), Dustin Hamann ("Hamann"), Darrin Johnson, Jr. ("Johnson"), Jeffrey Williams ("Williams"), Evelio Rodriguez ("Rodriguez"), Ryan Maggio ("Maggio"), Evan Christensen ("Christensen"), Mike Winson ("Winson"), Kevon Richardson ("Richardson"), and Oscar Mazariegos-Flores ("Mazariegos-Flores") (collectively, "Plaintiffs").

[2] Also pending is Plaintiffs' Motion for Conditional Collective Action Certification and Court-Facilitated Notice (ECF No. 18) and Defendants' Unopposed Motion for Leave to File Sur-Reply (ECF No. 25). A ruling on those motions will be issued in due course.

to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Defendants Lala, Gleeson, and Mirkin's Partial Motion to Dismiss Plaintiffs' Amended Class/Collective Action Complaint (ECF No. 7) is DENIED.

## BACKGROUND

Defendant Solar Energy World provides solar panel design and installation services in Maryland and surrounding states. (Am. Compl. ¶ 29, ECF No. 5.) Defendant Lala is the President and owner of Solar Energy World. (*Id.* ¶ 20.) Defendant Mirkin is the company's Chief Execute Officer. (*Id.* ¶ 21.) Defendant Gleeson is a "member, owner, and/or officer" of Solar Energy World. (*Id.* ¶ 22.) Plaintiffs are a group of Solar Energy World employees who worked either as solar installers ("Solar Installers") or electricians ("Company Electricians.") (*Id.* ¶ 30.) Solar Installers and Company Electricians (collectively, "Installers") work together to install solar panels purchased from Defendants. (*Id.* ¶ 31.)

Installers are responsible for installing solar panels at the purchaser's requested location. (*Id.* ¶ 31.) When they are hired, Installers initially receive pay based on an hourly rate. (*Id.* ¶ 33.) After a brief training period, Defendants begin to pay Installers based on the number of panels they install ("Panel Pay"). (*Id.* ¶ 33.) Installers typically worked seventy hours or more per week, including time spent on the job and driving to and from the worksite ("Drive Time"). (*Id.* ¶ 38.) Nevertheless, Defendants did not pay Installers overtime pay. (*Id.* ¶ 39.) Plaintiffs allege that Defendants would often pay Installers the lesser of the hourly pay rate that would ordinarily be due and the Panel Pay rate. (*Id.* ¶ 33.) It is further alleged that the Defendants created payroll documents, or altered existing ones, to inaccurately reflect that

Installers worked 40 hours per week. (*Id.*)

Defendants Lala, Gleeson, and Mirkin (collectively, the "individual Defendants") are alleged to have implemented the company's policy of withholding the Plaintiffs' overtime pay. Plaintiffs allege that their direct managers or supervisors would relay decisions concerning "work schedules, rate of pay, and/or method of pay, among other employment related matters" and claim that those decisions were coming "straight from the top," mentioning Lala, Gleeson, and Mirkin by name. (*Id.* ¶ 43.) When Installers inquired about overtime, they were allegedly informed that "the owners don't pay overtime." (*Id.* ¶ 40.) Defendants allegedly penalized those who inquired about overtime pay and Drive Time by assigning them "the most hazardous and difficult installation jobs." (*Id.*) Gleeson and Mirkin allegedly participated in a meeting with employees in which Gleeson "informed the Installers that if any of the Installers spoke to the attorney regarding Overtime pay, they would be fired." (*Id.* ¶ 45.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with

3

greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Moreover, a court need not accept any asserted legal conclusions drawn from the proffered facts. *Iqbal*, 556 U.S. at 678. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 584 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

## ANALYSIS

Defendants Lala, Gleeson, and Mirkin move to dismiss all claims asserted against them, arguing that the Amended Complaint contains insufficient factual allegations to support the conclusion that they may be held individually liable as Plaintiffs' "employers" under either the Fair Labor Standards Act ("FLSA") or the Maryland Wage and Hour Law ("MWHL").[3] The individual Defendants additionally argue that they cannot be held liable as the Plaintiffs' "joint employers" with Solar Energy World under those statutes.

The FLSA conditions liability on the existence of an employer-employee relationship. *See* 29 U.S.C. § 206(a). The Act's definition of "employer" is expansive, as it "includes any person acting directly or indirectly in the interest of an employer in relation to an employee."

---

[3] Plaintiffs do not seek to hold Mirkin, Gleeson, and Lala individually liable under the Maryland Wage Payment and Collection Law ("MWPCL"). (ECF No. 10 at 10.)

5

*Id.* § 203(d); *Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427 (1973) (noting the "expansiveness of the [FLSA's] definition of 'employer'"). The MWHL provides the same definition. Md. Code Ann., Lab. & Empl. § 3-401(a). Accordingly, courts apply the same analysis when considering whether a party is an "employer" under the FLSA and MWHL. *Iraheta v. Lam Yuen, LLC*, DKC 12-1426, 2012 WL 5995689, at *4 (D. Md. Nov. 29, 2012).

To determine whether an individual is an "employer" under the FLSA, courts consider "the 'economic realities of the individual's relationship with the putative employee.'" *Jahn v. Tiffin Holdings, Inc.*, SAG-18-1782, 2020 WL 1285507, at *3 (D. Md. Mar. 18, 2020); *see also Newell v. Runnels*, 407 Md. 578, 649-52, 967 A.2d 729 (2009) (applying the same "economic realities" test under the MWHL). Several factors are considered, including whether the purported employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rivera v. Mo's Fisherman Exch., Inc.*, ELH-15-1427, 2018 WL 2020423, at *8 (D. Md. May 1, 2018) (citation omitted). Applying the "economic realities" test, this Court has previously held that "a corporate officer that exercises a high level of control" may be an employer under the FLSA. *See Pearson v. Prof'l 50 States Prot., LLC,* RDB-09-3232, 2010 WL 4225533, at *3 (D. Md. Oct. 26, 2010) (citation omitted).

In "joint employment" situations, all employers "are responsible, both individually and jointly, for compliance" with the FLSA. 29 C.F.R. § 791.2(a). "A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." *Id.* The

6

primary inquiry is whether "defendant and one or more additional entities shared, agreed to allocate responsibility for, or otherwise codetermined the key terms and conditions of the plaintiff's work." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 767 (4th Cir. 2017).

The factual allegations of the Amended Complaint, accepted as true at this stage, permit the conclusion that Defendants jointly employed the Plaintiffs. The economic realities of the employment relationship, as alleged in the Complaint, sufficiently allege that Lala, Gleeson, and Mirkin were employers within the meaning of the FLSA and MWHL and that, as joint employers, they "codetermined the key terms and conditions of the plaintiff's work." *Hall*, 846 F.3d at 767. All individuals Defendants are alleged to have enjoyed "the power to hire and fire employees and make decisions regarding employee classification and compensation, including amount and method of pay." (ECF No. 5 ¶¶ 20, 21, 22.) This jointly held authority was apparent to the Plaintiffs' supervisors, who "would refer to Defendants Gleeson, Mirkin, and Lala by name" when relaying decisions concerning work schedules, rates of pay, and other issues. (*Id.* ¶ 43.)

The Amended Complaint buttresses its more general allegations with specific examples of the individual Defendants exercising their authority over the Plaintiffs. For example, Defendants allegedly retaliated against those who complained about the failure to pay overtime by assigning them "the most hazardous and difficult installation jobs." (*Id.* ¶ 40.) In one episode described in the Amended Complaint, Gleeson allegedly "informed the Installers that if any of the Installers spoke to the attorney regarding Overtime pay, they would be fired." (*Id.* ¶ 45.) At this early stage, specific factual allegations of this kind provide ample support

7

for holding Defendants individually liable under the FLSA and MWHL.[4]

## CONCLUSION

For the reasons stated above, Defendants Tope Lala, Al Gleeson, And Geoff Mirkin's Partial Motion to Dismiss Plaintiffs' Amended Class/Collective Action Complaint (ECF No. 7) is DENIED.

A separate Order follows.


Dated: September 30, 2020

                                                                 \_\_\_\_\_/s/_____
                                                                 Richard D. Bennett
                                                                 United States District Judge

---

[4] Defendants appear to cite *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407 (D. Md. 2013) for the proposition that the managers or owners of a company cannot serve as joint employers with the company. (ECF No. 7-1 at 13.) *Roman* permitted FLSA claims to proceed against several management employees. *Roman*, 970 F. Supp. 2d at 416-17. Accordingly, this authority is inapposite.