IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUSTIN LEE, *et al.*, | * | |
| Plaintiffs, | * | |
| | | Civil Action No. RDB-19-1993 |
| v. | * | |
| SOLAR ENERGY WORLD, LLC, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Justin Lee, Kanayo Okeke, Garrett Ellenberger, Christopher Riley, Jordan Jackson, Dustin Hamann, Darrin Johnson, Jr., Jeffrey Williams, Evelio Rodriguez, Ryan Maggio, Evan Christensen, Michael Winson, Kevone Richardson, and Oscar Mazariegos-Flores (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, bring this action against Defendants Solar Energy World, LLC ("Solar Energy World"), Tope Lala ("Lala"), Aloysius E. Gleeson ("Gleeson"), and Geoff Mirkin ("Mirkin") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq.* (ECF No. 5.)[1]  Currently pending before this

---

[1] Plaintiffs' Amended Complaint (ECF No. 5) was filed on September 5, 2019 with consent of the named Plaintiffs to join this collective action.  On July 29, 2020, Plaintiffs filed a line to add three additional consents to join the collective action (ECF No. 22).

1

Court is the Plaintiffs' Motion for Conditional Collective Action Certification and Court-Facilitated Notice. (ECF No. 18.)[2]

The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiffs' Motion for Conditional Collective Action Certification and Court-Facilitated Notice (ECF No. 18) is GRANTED IN PART and DENIED IN PART. Specifically, a collective action is conditionally certified for a class consisting of **all individuals who work or worked as an electrician or installer at Solar Energy World's Maryland facility and worked more than 40 hours in a workweek without being paid overtime at any time from December 19, 2017 to present**.

## BACKGROUND

In the context of the pending motion, this Court "accept[s] as true all well-pleaded facts in [the] complaint and construe[s] them in the light most favorable to the plaintiff." *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Plaintiffs in this case were each employed by Defendant Solar Energy World in 2017 and 2018. (ECF No. 5 ¶¶ 5-17.) Solar Energy World is in the business of installing solar panel systems in and around Maryland, Washington. D.C., Pennsylvania, and New Jersey. (*Id.* ¶ 19.) The company is run by President and owner Tope Lala, Chief Executive Officer and owner Geoff Mirkin, and member, owner, and/or officer Al Gleeson. (*Id.* ¶¶ 20-22.)

---

[2] Also pending is the Defendants' Motion for Leave to File Sur-reply (ECF No. 25). This Court GRANTS the Defendants' Motion and has taken the Sur-reply (ECF No. 26) into consideration in this matter.

Solar Energy World hires "Solar Installers" and "Company Electricians" to install solar panels purchased from the company at the purchaser's requested location. (*Id.* ¶¶ 31.) The Defendants typically hire these electricians and installers at an hourly rate, however, the Defendants, at their discretion, retain the ability to convert the electricians' and installers' payment to paying per panel installed ("Panel Pay"). (*Id.* ¶ 33.) Plaintiffs allege that the Defendants pay electricians and installers the lesser of the hourly pay rate and the Panel Pay rate. (*Id.*)

On a typical workday, installers and electricians employed by Solar Energy World's Maryland facility physically report, as required, to the Elkridge, Maryland company headquarters at 6:00 a.m., where they receive their job assignments for the day. (*Id.* ¶ 34.) The electricians and installers then load their vehicles with the necessary supplies and drive to their assigned installation sites, which are allegedly often at least one hour away. (*Id.*) Electricians and installers typically stop work at their installation sites around 4:00 p.m., however, they sometimes continue working at the sites until 6:00 or 7:00 p.m. if the job can be completed within the day. (*Id.* ¶ 35.) The electricians and installers then drive back to the headquarters in Elkridge, Maryland to return the company's vehicles. (*Id.* ¶ 36.) Some job assignments require installers to work multiple days on one site and/or on weekends. (*Id.* ¶¶ 34, 37.)

According to the Plaintiffs, the Defendants consider the workday of electricians and installers to begin at 6:00 a.m. and to end at 4:00 p.m., for a total of ten hours per day. (*Id.* ¶ 35.) The Defendants allegedly do not consider any time the individuals work past 4:00 p.m. at an installation site and specifically instruct their electricians and installers not to include the time spent driving back to headquarters to return the company's vehicles on their daily time

sheets. (*Id.* ¶¶ 35-36, 41.) The Plaintiffs allege that between the minimum ten-hours days, weekend shifts, and time spent driving back to headquarters at the end of each day, electricians and installers are often subjected to working 70 hours, or more, each week. (*Id.* ¶ 38.)

Plaintiffs, all hired as electricians or installers by Solar Energy World's Maryland facility, allege that despite their work weeks being in excess of 40 hours, they did not receive overtime payments. (*Id.* ¶ 39.) They assert that when they inquired about overtime, they were told that the company did not pay overtime. (*Id.* ¶ 40.) They also allege that they did not perform any work that would qualify them as "exempt" employees under federal or Maryland law. (*Id.* ¶ 48.) Accordingly, on July 8, 2019, the Plaintiffs filed a Complaint against the Defendants. (ECF No.1.) The now operative Amended Complaint, filed September 5, 2019, asserts that in failing to properly compensate the Plaintiffs and others similarly situated for hours spent working, the Defendants have acted willfully and with reckless disregard of clearly applicable provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq.* (ECF No. 5.)

On April 25, 2020, the Plaintiffs filed the instant Motion for Conditional Collective Action Certification and Court-Facilitated Notice, seeking to conditionally certify a class consisting of "all individuals employed by Solar Energy World LLC, engaged in installing or assisting in installing solar panels for Solar Energy World, LLC, at any time during the period beginning three years prior to the date of commencement of this action, through the date of judgment." (ECF No. 18-1.) With the onset of the global COVID-19 pandemic, the

Defendants were given an 84-day extension to file a response. *See* Standing Order 2020-07. On July 31, 2020, the Defendants filed a Response in Opposition to the Plaintiffs' motion, arguing that the Plaintiffs' request was overly broad in terms of the scope of employees they sought to be included in the class as well as in the temporal scope. (ECF No. 23.) On August 14, 2020, the Plaintiffs filed a Reply in which they agreed to some modifications of the original certification request, narrowing the scope to include solely the employees of the Defendants' Maryland facilities who worked more than 40 hours in a week without overtime pay. (ECF No. 24.) The parties, however, continue to disagree as to the proper temporal scope of the class and as to some details regarding the notice that should be provided to putative class members. (ECF Nos. 23, 24.)

## STANDARD OF REVIEW

Under the Fair Labor Standards Act ("FLSA"), a plaintiff may bring an action on behalf of himself and other employees so long as the other employees are "similarly situated" to the plaintiff. 29 U.S.C. § 216(b); *see also Quinteros v. Sparkle Cleaning, Inc.,* 532 F. Supp. 2d 762, 771 (D. Md. 2008); *Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 605 (D. Md. 2020). As this Court previously noted, Section 216 of the FLSA "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros,* 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)). Section 216(b) provides, in relevant part, that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Whether to grant conditional certification is left to the court's discretion. *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D. Md. 2010) (stating that "[d]eterminations of the appropriateness of conditional collective action certification . . . are left to the court's discretion[]"); *see also Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). This Court employs a two-step inquiry when deciding whether to certify a collective action under the FLSA. *Syrja,* 756 F. Supp. 2d at 686; *Banks v. Wet Dog Inc.*, No. CIV.A. RDB-13-2294, 2015 WL 433631, at *1 (D. Md. Feb. 2, 2015). First, upon a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b), the plaintiff may proceed with a collective action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is "similarly situated" in accordance with the requirements of § 216. *Rawls v. Augustine Home Health Care, Inc.,* 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The court then renders a final decision regarding the propriety of proceeding as a collective action. *Id.* The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and thus is referred to as the "decertification stage." *Syrja*, 756 F. Supp. 2d at 686.

## ANALYSIS

**A. Plaintiffs have sufficiently pled that they are similarly situated to other electricians and installers employed by the Maryland facility and who worked over 40 hours a week without overtime pay.**

The "paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly

situated.'" *Williams v. Long,* 585 F. Supp. 2d 679, 684 (D. Md. 2008). Plaintiffs bear the burden of showing that their claims are "similarly situated," but courts have ruled that "similarly situated" need not mean "identical." *See, e.g.*, *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001). This Court has held that a group of FLSA plaintiffs is similarly situated if they can show that they were victims of a common policy, scheme, or plan that violated the law. *Butler v. DirectSAT USA, LLC,* 876 F. Supp. 2d 560, 566 (D. Md. 2012) (citing *Mancía v. Mayflower Textile Servs. Co.,* No. CCB-08-273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008)).

A plaintiff's allegations thus "must consist of more than 'vague allegations' with 'meager factual support,' but [they] need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists." *Mancia*, 2008 WL 4735344, at *2 (quoting *D'Anna v. M/A–COM, Inc.,* 903 F. Supp. 889, 893 (D. Md. 1995)). Plaintiffs may rely on "affidavits or other means" to make the required showing. *Williams,* 585 F. Supp. 2d at 683; *see also Bouthner v. Cleveland Const., Inc.*, No. RDB-11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012); *Ruiz v. Monterey of Lusby, Inc.*, No. DKC 13-3792, 2014 WL 1793786, at *1-2 (D. Md. May 5, 2014). If, however, "sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, . . . a court can . . . deny certification outright." *Syrja,* 756 F. Supp. 2d at 686 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.,* 629 F. Supp. 2d 544, 547 (E.D. Va. 2009)).

Plaintiffs initially asserted that they and all employees of Solar Energy World involved in installations were similarly situated because they were subject to the same company-wide policy or practice of violating FLSA's overtime requirements paying electricians and installers per panel installed, rather than based on time spent on the job, traveling, and working at

headquarters. Specifically, the Plaintiffs alleged that (1) their job duties were substantially similar, if not the same; (2) Plaintiffs were paid a combination of hourly and Panel Pay; (3) Plaintiffs were not credited hours for return trips from their respective job sites despite being required by the Defendants to return the company's vehicles to headquarters; (4) were not paid overtime in an amount one and half times their hourly rate for hours worked in excess of 40 hours a week; and (5) plaintiffs had no control over where their assignments were located. (ECF No. 18-1 at 10.)

In opposition, the Defendants urged this Court to deny conditional certification of the Plaintiffs' proposed class, arguing that the description of those individuals "similarly situated" was overbroad in two respects. (ECF No. 23.) First, they argued that Plaintiffs' request for certification of a nationwide class including all electricians and installers at all Solar Energy World facilities should be denied, because the Plaintiffs had failed to demonstrate that any electricians or installers others than those who worked out of the Maryland facility were similarly situated to them. (*Id.*) Second, the Defendants argued that the class should additionally be limited to the electricians and installers "who worked in excess of 40 hours in a workweek and did not receive overtime compensation." (*Id.*) In response to the Defendants' opposition, the Plaintiffs agreed to modify their original request, and now seek to join a more limited scope of individuals, namely, "[a]ll individuals who work or worked as an electrician or installer at Solar Energy World's Maryland facility and worked more than 40 hours in a workweek without being paid overtime." (ECF No. 24.)

A class of this scope is consistent with the decisions of this Court. With respect to limiting the class to those employed at the Maryland facility, such restriction is consistent with

this Court's opinion in *Faust v. Comcast Cable Comm'ns Mgmt., LLC*, No. WMN-10-2336, 2011 WL 5244421, at *4 (D. Md. Nov. 1, 2011).  In *Faust*, the plaintiffs sought to conditionally certify a class of employees at eight of the defendants' Maryland call centers, however, the plaintiffs had failed to provide any concrete evidence demonstrating that employees at call centers other than the one at which the plaintiffs worked was subjected to the same allegedly improper policy.  *Id.*  Accordingly, this Court limited the class to the individuals employed at the single call center.  *Id.*  With respect to limiting the class to those who worked more than 40 hours a week without overtime pay, such limitation is again consistent with the decisions of this Court.  For example, in *Baylor*, the class was defined as all "[i]ndividuals who work or worked in excess of 40 hours in a seven day workweek and did not receive compensation." 443 F. Supp. 3d at 608.

The Plaintiffs' new proposed conditional class is also at this time an accurate description of those who are similarly situated to the Plaintiffs.  The Plaintiffs have offered no evidence that electricians and installers at Solar Energy World's other facilities have been subjected to the Defendants' alleged policy of not paying for driving time and overtime work.  However, through their common allegations supported by affidavits, pay stubs, personal time logs, screen shots of text messages, and spreadsheets showing hours worked, the Plaintiffs have made the requisite showing that they and other employees at the Maryland facility were similarly situated as electricians and installers for Solar Energy World and subject to the same alleged policy.  The Plaintiffs' have met their burden to show that they are similarly situated to the proposed class.

**B. The collective action will be limited to those individuals who assert overtime claims and worked for the Defendants within three years of this Court's Order plus 81 days.**

In their pleadings (ECF Nos. 18, 24), the Plaintiffs have argued that the appropriate time period for certification of the class should date back three years prior to the date of the commencement of this case (July 8, 2019) or at least to the date on which they filed for conditional certification (April 25, 2020). However, the clear precedent of this Court is to look to the date of the granting of conditional collective action certification. The FLSA provides that in a collective action suit, the statute of limitations runs for each plaintiff until the plaintiff files a written consent opting into the suit. *See* 29 U.S.C. § 256(b). In practice, this typically means that the operative time period for certification of a class is the three-year period preceding the date that the court enters an order granting collective action certification. *See Baylor*, 443 F. Supp. 3d at 608 (defining conditional class to include those who met the class description in the three years prior to the date of the order granting conditional certification of the collective action); *see also Hernandez v. Immortal Rise, Inc.*, 11-CIV-4360 (RRM) (LB), 2012 WL 4369746, at *7 (E.D.N.Y. 2012) (noting that the notice period is generally measured from the date of the court's order granting the plaintiffs' motion for conditional certification).

However, this Court has the discretion to equitably toll limitations where "'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *Cruz v. Maypa*, 773 F.3d 138, 146 (4th Cir. 2014) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted)). Courts have equitably tolled the statute of limitations in FLSA actions in cases involving unusual delays in the court's consideration of a motion for conditional certification caused by the procedural posture of the

case. *See Harbourt v. PPE Casino Resorts Maryland, LLC*, Nos. CCB-14-3211, CCB-16-339, 2017 WL 281992, at *3 (D. Md. Jan. 23, 2017) (citing *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 28192, at *2 (N.D. W.Va. Jan 5, 2012)).

In this case, the unprecedented COVID-19 pandemic clearly prevented the Plaintiffs from obtaining certification of their collective action in the usual time period for such actions. The Plaintiffs filed their Motion for Conditional Collective Action Certification and Court-Facilitated Notice on April 25, 2020. (ECF No. 18.) Two weeks prior, on April 10, 2020, Chief Judge Bredar of this Court issued Standing Order 2020-07 in which this Court ordered that all filing deadlines in all cases originally set to fall between March 16, 2020, and June 5, 2020 were extended by 84 days. The Defendants took advantage of this extension, waiting 81 days past what would have been their original deadline to file their Response in Opposition on July 31, 2020. (ECF No. 23.) The Plaintiffs were in no part at fault for this delay, and therefore, this Court finds that the statute of limitations was tolled for that 81-day period. Accordingly, the conditional class will include all individuals who met the above defined description at any time three years prior to December 19, 2020, 81 days prior to this Memorandum Opinion. In other words, the collective action will include claims arising between December 19, 2017 and the present.

**C. Definition of the class.**

Accordingly, for the reasons stated above, Plaintiffs' motion will be granted in part and denied in part, and this Court will conditionally certify a collection action consisting of **all individuals who work or worked as an electrician or installer at Solar Energy World's**

**Maryland facility and worked more than 40 hours in a workweek without being paid overtime at any time from December 19, 2017 to present.**

   D. **Notice form.**

The Plaintiffs have made a preliminary showing that the installers and electricians at Solar Energy World's Maryland facility who worked more than 40 hours a week without being paid overtime are "similarly situated," therefore, notice of this action will be provided to installers and electricians who currently work, or have worked Solar Energy World's Maryland facility since December 19, 2017. *See Butler*, 876 F. Supp. 2d at 574. Pursuant to the FLSA, a Notice of Collective Action "must provide accurate and timely notice to potential plaintiffs so they may make informed decisions about whether to join a collective action." *Arnold v. Acappella, LLC*, BPG-15-3001, 2016 WL 5454541, at *4 (D. Md. Sept. 29, 2016). However, "[t]he district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Id.* (citing *Mcfeeley v. Jackson St. Entm't, LLC*, DKC 12-1019, 2012 WL 5928902, at *5 (D. Md. Nov. 26, 2012); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). While the parties have made efforts to reconcile several of their disagreements as to the contents of the proposed Notice of Collective Action form, several issues regarding the proposed notice remain unresolved. The Court's determinations on these issues are addressed in turn below.

> 1. **Defendants' will supply Plaintiffs with contact information for putative plaintiffs in fifteen days.**

Plaintiffs request that the Defendants be required to produce within fifteen days a computer-readable database of names, last known addresses, e-mail addresses, and the dates of employment for all current and former electricians and installers who have worked for

12

Defendants at any point since three years before the date of the filing of this lawsuit. (ECF No. 24 at 7.) As this Court has determined that the appropriate temporal scope of the conditional class will be three years prior to December 19, 2020, the Defendants will be required to produce only the above-listed information for individuals employed by the Maryland facility since December 19, 2017. "In keeping with this Court's previous notice procedures," the deadline for that disclosure will be within fifteen days of this Court's Order. *See Baylor*, 443 F. Supp. 3d at 608 (citing *Jones v. Fidelity Resources, Inc.*, RDB-17-1447, 2018 WL 656438, at *4 (D. Md. Feb. 1, 2018)). In sum, the Defendants are directed to provide Plaintiffs with the names and last known home and email addresses and dates of employment of all individuals employed at the Defendants' Maryland facility any point during the collective action period within fifteen days.

### 2. Notice will be posted at the Maryland facility.

Plaintiffs request that, in addition to being authorized to mail notice to employees, the Defendants should be required to post notice at their Maryland and New Jersey facilities in areas accessible to and easily viewed by the electricians and installers, as well as in the vehicles used by the electricians and installers to travel to their installation projects. (ECF No. 24 at 5.) This Court has often held that a requirement that the defendant post notice at a physical facility to which employees are required to report is appropriate. *See Baylor*, 443 F. Supp. 3d at 609; *Randolph v. PowerComm Const., Inc.*, 7 F. Supp. 3d 561, 577 (D. Md. 2014); *Willaims v. ezStorage Corp.*, No. RDB-10-3335, 2011 WL 1539941, at *5 (D. Md. Apr. 21, 2011). In light of the Plaintiffs' allegations that the electricians and installers of the Maryland facility are required to report to Solar Energy World's headquarters in Elkton, Maryland, physical posting

of the notice at the Maryland headquarters is appropriate. However, the Defendant will not be required to post notice at its other facilities outside Maryland, nor in the vehicles used by electricians and installers. This Court believes that posting notice at the Maryland facility, in addition to mailing such notice, is sufficient to notify potential class members in this case.

### 3. Opt-in period with no reminder notice.

As noted by the Plaintiffs, the Defendants did not object to the 90-day opt-in period requested by the Plaintiffs. (ECF No. 24 at 2.) As this Court provided in *Baylor*, 90 days is the "standard" notice period for potential plaintiffs to opt-in, and in order for this Court to find another period is appropriate, the Defendants must provide a "persuasive basis to deviate" from the 90-day standard. 443 F. Supp. 3d at 609 (citing *Mendoza v. Mo's Fisherman Exchange, Inc.*, No. ELH-15-1427, at *20 (D. Md. June 22, 2016)). Given that the Defendants provided no such basis, the standard 90-day period is appropriate in this case. However, the Plaintiffs do not prevail on their request that they be allowed to send a reminder notice halfway through the 90-day opt-in period. As this Court also noted in *Baylor*, "a reminder notice is not necessary as such notices have the potential to 'stir up litigation.'" 443 F. Supp. 3d at 609 (citing *Calderon v. Geico General Ins. Co.*, No. RWT 10cv1958, 2011 WL 98197, at *8 (D. Md. Jan. 12, 2011)). Plaintiffs will be given the standard 90-day period for potential plaintiffs to opt-in, along with the ability to post the notice at Defendants' facility in Maryland. The Court is satisfied that these procedures will be sufficient to notify potential class members of their ability to opt-in. Accordingly, Plaintiffs are not authorized to issue a reminder notice.

### 4. Defense counsel's contact information may be included in some form.

The Plaintiffs agreed to include defense counsel's contact information on the notice, however, Plaintiffs objected to the format of the Defendants' proposed notice and opt-in form, which included such contact information under the heading "Questions." (ECF No. 24 at 6.) Inclusion of defense counsels' contact information in the notice is consistent with this Court's decisions ordering the inclusion of similar contact information in other cases. *See Arevalo v. D.J's Underground, Inc.*, No. DKC-09-03199, 2010 WL 2639888, at *4 (D. Md. June 29, 2010). However, identifying defense counsel as a resource individuals may use to answer questions and provide information about this litigation may be confusing to potential plaintiffs. They may be led to believe that defense counsel would provide them with objective information and advice. As this Court is tasked with "ensur[ing] that potential plaintiffs are not misled about the consequences of joining a class in an ongoing employment dispute," *Aytch v. Trulife Health Servs., LLC*, No. ELH-17-2796, 2018 WL 1784461, at *5 (D. Md. April 12, 2018) (internal quotations and citations omitted), defense counsel's contact information should be presented in a manner that makes it clear to potential class members that the listed attorneys represent the *Defendants* and the *Defendants' interests*. This Court encourages the parties to use a format similar to that of the parties in *Baylor*, included in Plaintiffs' Reply. (ECF No. 24 at 6.)

### 5. Language regarding court costs is not required.

Finally, the Defendants in this case request that the notice include language informing putative plaintiffs that they may be assessed court costs and expenses if they choose to join the collective. (ECF No. 23-1.) As this Court "generally does not include such notifications of potential liability in notices to a proposed class," such information will not be required in

15

the notice in this case. *See Aytch*, 2018 WL 1784461, at *5 (citing *McFeeley v. Jackson St. Entm't, LLC*, No. DKC-12-1019, 2012 WL 5928902, at *5 (D. Md. Nov. 26, 2012)).

**The parties shall confer and submit a joint proposed notice consistent with these determinations, within seven (7) days of the date of this Memorandum Opinion and Order.**

## CONCLUSION

For the reasons stated above, the Plaintiffs' Motion for Conditional Collective Action Certification and Court-Facilitated Notice (ECF No. 18) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to the conditional certification of a class consisting of "**all individuals who work or worked as an electrician or installer at Solar Energy World's Maryland facility and worked more than 40 hours in a workweek without being paid overtime**." However, it is DENIED with respect to Plaintiffs' request that the time period for certification be based on the date of the filing of this case or the request for conditional certification. The conditional class will include those who matched the above description "**at any time from December 19, 2017 to present**." The Motion is further GRANTED IN PART and DENIED IN PART as to the contents and manner of the proposed Notice. The parties shall be directed to confer and submit a joint proposed notice consistent with the determinations set forth herein. Defendants are directed to provide Plaintiffs with the names and last known home and email addresses and dates of employment of all collective action members within the next fifteen days.

A separate Order follows.

Dated:  March 10, 2020

                                                           /s/
                                         Richard D. Bennett
                                         United States District Judge